NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| **SUDHAN THOMAS,** | : | |
| | : | **Civil Action No. 15-3194 (CCC)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **VINCULUM GROUP LIMITED, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

_____

**CLARK, United States Magistrate Judge**

This matter comes before this Court on the motion of Defendants Vinculum Group Limited[1] ("Vinculum") and Annajee Nott ("Nott") (collectively, "Defendants") to dismiss Plaintiff Sudhan Thomas's ("Plaintiff") complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).  [Docket Entry No. 7].  Plaintiff opposes this motion.  [Docket Entry No. 11].  The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendants' motion.  The Court considers Defendants' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, it is respectfully recommended that Defendants' motion to dismiss the complaint for lack of personal jurisdiction be GRANTED.

## I.  BACKGROUND

Plaintiff filed this action in state court alleging breach of contract in connection with an

_____

[1] Defendants argue that there is no "Vinculum Group Limited" company and that "Vinculum Limited" was incorrectly pled as such. *See Defendant's Brief in Support* at 1 n.1; Docket Entry No. 7-1.

agreement that Plaintiff had with Defendant to provide independent contractor services.  *See*

*generally Compl.*; Docket Entry No. 1.  Defendants removed the action to federal court on the

basis of diversity jurisdiction on May 6, 2015.  Specifically, Defendants averred that "Plaintiff is

a citizen of New Jersey, Defendant Vinculum Limited is a citizen of Hong Kong, and Defendant

Annajee Nott is a domiciliary of the State of Arizona." *Notice of Removal* at ¶5; Docket Entry No.

1.  In lieu of filing an answer, Defendants filed the instant motion to dismiss for lack of personal

jurisdiction, arguing that neither Defendant has any ties to the State of New Jersey.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a district court may exercise personal

jurisdiction over a non-resident defendant to the extent permitted under state law.  Fed. R. Civ. P.

4(k)(1).  A district court exercising diversity jurisdiction over a case must look to the forum state's

long-arm statute in analyzing whether there is personal jurisdiction over a non-resident defendant.

*Sunbelt Corp. v. Noble, Denton & Assocs.,* 5 F.3d 28, 31 (3d Cir. 1993).  New Jersey's long-arm

statute permits the exercise of personal jurisdiction "to the fullest limits of due process."  *IMO*

*Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).  The Fourteenth Amendment's Due

Process Clause requires that "individuals have fair warning that a particular activity may subject

[them] to the jurisdiction of a foreign sovereign."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

472 (1985).  Consistent with the Due Process Clause, a court may assert personal jurisdiction so

long as the defendant has "certain minimum contacts" with the forum, in this case New Jersey,

such as not to "offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v.*

*State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)).

On a motion under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction."); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. *Carteret*, 954 F.2d at 142 n.1. However, the plaintiff cannot rely on the pleadings alone and must provide actual proofs. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *Mellon Bank PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992). A court can assert either specific or general jurisdiction over a defendant. *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir. 2009). Specific jurisdiction requires the defendant have minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). In addition, the lawsuit must "arise out of" or "relate to" these minimum contacts. *Id.* Furthermore, the defendant must have purposefully availed itself of the forum such that it "should reasonably anticipate being haled into court" there, having invoked the benefits and protections of the forum's laws. *Id.* at 474-75. The Third Circuit has summarized this analysis in three parts: (i) "the defendant must have 'purposefully directed [its] activities' at the forum"; (ii) "the litigation must 'arise out of or relate to' at least one of those activities"; and (iii) "if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *D'Jamoos*, 566 F.3d at 102.

3

General jurisdiction, by contrast, requires the defendant to have "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). These contacts need not relate to the subject matter of the litigation. *Id.* at 415 n.10. However, general jurisdiction requires "a very high threshold of business activity." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.,* 651 F.2d 877, 891 n.2 (3d Cir. 1981) (finding that a "daily presence" in the forum and activities such as weekly advertising, regular solicitation of business, substantial product sales, and the maintenance of a telephone number in the forum meet the threshold); *see also Early Learning Res., LLC v. Sebel Furniture Ltd.,* No. 10-6335, 2011 U.S. Dist. LEXIS 112483 (D.N.J. Sept. 30, 2011). The facts required to establish sufficient contacts for general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). In other words, the plaintiff must demonstrate "significantly more than minimum contacts." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).

The Supreme Court recently refined the analysis for finding general jurisdiction in *Daimler AG v. Bauman,* 134 S.Ct. 746 (2014). *Daimler* held that a court may assert general jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler,* 134 S.Ct. at 754 (internal citation omitted). In this District, courts have held that *Daimler* has narrowed the previous approach. *See JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.,* 2014 U.S. Dist. LEXIS 68293 at *8 (D.N.J. May 19, 2014) ("To be clear, since the recent Supreme Court's decision in [*Daimler*], courts have noted that general jurisdiction extends beyond an entity's state of

incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state") (emphasis omitted); *see also Krishanti v. Rajaratnam,* 2014 U.S. Dist. LEXIS 58314 at *21 (D.N.J. April 28, 2014) ("As the Supreme Court stated in Daimler, the exercise of general jurisdiction simply based on a corporation's 'substantial, continuous, and systematic course of business' within a state is an 'unacceptably grasping' formulation.") (internal citation omitted).

### III. DISCUSSION

As a threshold matter, it is undisputed that Plaintiff is a resident of New Jersey, Vinculum is a corporation organized and existing under the laws of Hong Kong, with a principal place of business in Hong Kong, and Nott is an individual who is a domiciliary and resident of Arizona. The Court notes that Plaintiff makes no argument in support of a general jurisdiction analysis, and finds irrespectively that Defendant's contacts with New Jersey are insufficient to establish general jurisdiction.  Accordingly, the Court will address the minimum contacts framework for specific jurisdiction below.

Plaintiff argues that Defendants were aware that Plaintiff conducted contractually agreed upon services for Vinculum from Plaintiff's home in New Jersey.  Plaintiff alleges that a Vinculum employee approached Plaintiff and put Plaintiff in contact with Vinculum to discuss an arrangement to create a technology and services division focused on the travel and transportation industry.  Plaintiff asserts that the parties' subsequent independent contractor agreement was Vinculum's only business activity in the United States.  Plaintiff argues that Defendants meet the minimum contacts requirement for specific jurisdiction because Plaintiff conducted business on Vinculum's behalf from Plaintiff's home in New Jersey, Plaintiff conducted numerous telephone

calls with and exchanged several emails with Defendants from Plaintiff's home in New Jersey, and Defendants made at least eight wire transfers to Plaintiff's bank account in New Jersey.

Defendants respond that Vinculum "does not market itself or actively seek sales in New Jersey; does not own any property in New Jersey; has never paid taxes in New Jersey; has never had any employees in New Jersey; and has never maintained any offices in New Jersey[.]" *Defendants' Brief in Opposition* at 1; Docket Entry No. 7. Defendants further contend that Nott, Vinculum's registered agent "has not lived in New Jersey . . . is a citizen of India, and a domiciliary of Arizona." *Id*. Defendants submit that it was Plaintiff who reached out to Vinculum to discuss a potential agreement. Further, defendants argue that the independent contractor agreement involved an expectation that Plaintiff would provide marketing services to Defendant via cell phone and email, which can be performed anywhere, and for Plaintiff's travel to India and Asia to grow Defendants' business abroad. Defendants argue that Plaintiff's calls and emails are not attributable to Defendants for purpose of personal jurisdiction and moreover, that cellular phone calls and email can be accessed globally and thus are insufficient to establish that the parties' communications were tied to New Jersey.

The Court finds that Defendants' activities were not directed at New Jersey. Defendant is neither incorporated nor domiciled in New Jersey, and has not engaged in any other business or personal dealings with the State of New Jersey. The Court is persuaded that Defendants contracted with Plaintiff for the purpose of growing business abroad. There is no evidence that Defendant sought to establish a presence in New Jersey as a company, nor that Defendants sought to generate any other business contacts or clients in the state. Indeed, Defendants' only contact with New Jersey is its relationship with Plaintiff on an independent contractor basis. Thus, it cannot be said

6

that Defendant "purposely availed itself" of the laws of this state such that they could have reasonably foreseen being haled into court in this state.  Accordingly, the Court finds that it lacks personal jurisdiction over either defendant in this matter and shall therefore recommend dismissal to the District Court under FED.R.CIV.P. 12(b)(2).

## IV. CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P. 78;

IT IS on this 4th day of August, 2015,

RECOMMENDED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction under FED.R.CIV.P. 12(b)(2) be GRANTED.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

/s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**