NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUDHAN THOMAS,<br><br>        Plaintiff,<br><br>      v.<br><br>VINCULUM GROUP LIMITED, *et al.*,<br><br>        Defendants. | Civil Action No.: 15-3194 (CCC-JBC)<br><br>**OPINION** |

**CECCHI, District Judge.**

### I.      INTRODUCTION

This matter comes before the Court on a motion of Defendants Vinculum Group Limited ("Vinculum") and Annajee Nott ("Nott") (collectively, "Defendants") to dismiss Plaintiff Sudhan Thomas's ("Plaintiff") Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF No. 7.) Plaintiff opposed this motion. (ECF No. 11.) On August 4, 2015, Magistrate Judge Clark issued a Report and Recommendation ("R&R"), recommending Plaintiff's Complaint be dismissed for lack of personal jurisdiction. Plaintiff subsequently filed objections ("Objections") to Judge Clark's R&R on August 17, 2015 (ECF No. 15) and Defendants filed a response ("Response") to Plaintiff's Objections on September 1, 2015. (ECF No. 16.) The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Clark's Report and Recommendation and dismisses Plaintiff's Complaint without prejudice.

### II.      BACKGROUND

Plaintiff filed this action in the Superior Court of New Jersey alleging breach of contract in connection with an agreement that Plaintiff had with Vinculum to provide independent

contractor services. (*See generally* Compl., ECF No. 1 at Ex. A.)  Defendants removed the action

to federal court on the basis of diversity jurisdiction on May 6, 2015.  (*Id.*)  Specifically,

Defendants averred that "Plaintiff is a citizen of New Jersey, Defendant Vinculum Limited is a

citizen of Hong Kong, and Defendant Annajee Nott is a domiciliary of the State of Arizona." (*See*

Notice of Removal, ECF No. 1 at ¶ 5.)  Defendants filed a motion to dismiss for lack of personal

jurisdiction, arguing that neither Vinculum nor Nott has any ties to the State of New Jersey.

### III.   LEGAL STANDARD

#### A. Standard of Review

When a Magistrate Judge addresses motions that are considered dispositive, such as

motions to dismiss, the Magistrate Judge submits a Report and Recommendation to the district

court.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  "Within 14 days . . . ,

a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2).  The district court must make

a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation

to which a litigant has filed objections.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R.

72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).  The

district court may then "accept, reject or modify the recommended disposition . . . ." Fed. R. Civ.

P. 72(b)(3).  Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive

matter, a Report and Recommendation does not have force of law unless and until the district court

enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d

1001, 1005 (3d Cir. 1987).

## IV.   DISCUSSION

Plaintiff's Objections to Judge Clark's R&R are based on both legal and factual arguments. After conducting a *de novo* review of the portions of Judge Clark's R&R to which Plaintiff objects, the Court adopts Judge Clark's R&R over Plaintiff's Objections.

### A.  Plaintiff's Objections To Judge Clark's Legal Conclusions

Plaintiff argues:

> [Judge Clark's] conclusion that a party must seek to establish its presence or to do business in a foreign state in order to be subject to its jurisdiction is a clear misreading of the law. The Supreme Court and the Third Circuit have made clear that no such requirement exists.

(ECF No. 15 at 3.) In the first instance, Plaintiff's Objections misstate Judge Clark's conclusion—in fact, what Plaintiff calls Judge Clark's "conclusion" is actually a premise for Judge Clark's conclusion. Plaintiff provides a truncated quote from Judge Clark's R&R, omitting extensive relevant analysis of Defendants' lack of minimum contacts with the State of New Jersey. (*Compare* ECF No. 14 at 6, *with* ECF No. 11 at 6-7.)

The Court finds that Judge Clark's legal analysis was appropriately guided by the minimum contacts framework that has been set forth by the Supreme Court and the Third Circuit. Judge Clark's conclusions—that Defendants' activities were not directed at New Jersey and that Defendants did not purposely avail themselves of the laws of New Jersey such that that they could have reasonably foreseen being haled into court in this state—are consistent with binding precedent. *See Burger King Corp. v. Ruzewicz*, 471 U.S. 462, 472-74 (1985) ("purposefully availed"); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) ("purposefully directed [] activities at [] the forum").

### B.  Plaintiff's Factual Objections

In addition to Plaintiff's challenge to Judge Clark's legal analysis, Plaintiff's Objections recite 12 bullet points of facts (the "recited facts") for the Court to consider in support of Plaintiff's claim that the required minimum contacts exist to establish specific jurisdiction.  (ECF No. 15 at 6-10.)  Defendants contend in their Response that the Court should not consider these facts and, alternatively, the facts are insufficient to meet the minimum contacts standard for personal jurisdiction.  (ECF No. 16 at 2.)

> i.  Many Of Plaintiff's Recited Facts Are Unsupported By Competent Evidence And Will Not Be Considered

Defendants contend that this Court should not consider Plaintiff's recited facts for two reasons.  First, the recited facts were not presented to Judge Clark and therefore could not have been considered by him.  (ECF No. 16 at 2.)  Second, the recited facts are not supported by competent evidence.  (*Id.*)

With respect to the first argument, this Court is not limited to facts presented to the magistrate judge.  The local rules of this district expressly state that, as part of its *de novo* review of a magistrate judge's report and recommendation, a district court may "receive further evidence . . . ."  L. Civ. R. 72.1(c)(2); *see also Cataldo v. Moses*, 361 F. Supp. 2d 420, 426 (D.N.J. 2004) (*de novo* review implies that the court "at its discretion, may rely on the record developed by the magistrate judge, or it may conduct a new hearing, receive further evidence, recall witnesses . . . .").

However, the Court is persuaded by Defendants' argument that many of Plaintiff's recited facts are not supported by competent evidence.  A motion to dismiss for lack of personal jurisdiction "is inherently a matter which requires resolution of factual issues outside the pleadings . . . ."  *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F2d 61, 66 n.9

4

(3d Cir. 1984). "Once the defense [of lack of personal jurisdiction] has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts ***through sworn affidavits or other competent evidence***." *Id.* (emphasis added).

Only a few of the facts contained in Plaintiff's 12 bullet points of recited facts are supported by competent evidence in the form of Plaintiff's sworn Declaration of Sudhan Thomas. (*See generally* ECF No. 10.) First, as Defendants acknowledge, the "basic undisputed statements that Plaintiff is a resident of New Jersey, that he signed a one-year agreement with Vinculum Limited, that he worked out of his apartment in Jersey City, and communicated with Defendants by email and telephone" are supported by Plaintiff's sworn declaration. (*See* ECF No. 16 at 2; *compare* ECF No. 15 at 6-10, *with* ECF No. 10 at ¶¶ 2, 5, 9-10, 16.) Second, portions of Plaintiff's last bullet point are supported by the sworn declaration. Specifically, it is supported that "Vinculum was conducting no business in its Arizona office. The only business that Vinculum was conducting in the United States was being performed by plaintiff in his New Jersey office." (*Compare* ECF No. 15 at 10, *with* ECF No. 10 at ¶¶ 11, 18.) It is also supported that Plaintiff "represented Vinculum in conferences, . . . prospect[ed] over 500 customers for Vinculum . . . , and solicit[ed] reseller partnerships . . . ." (*Compare* ECF No. 15 at 10, *with* ECF No. 10 at ¶¶ 13-15, 17.)

However, the remaining recited facts, including the alleged fact that "plaintiff was the face of Vinculum in the United States" (*see* ECF No. 15 at 10), are mere attorney statements and conclusions, unsupported by any sworn affidavit, declaration, or any other competent evidence. Other such unsupported facts include:

- "Dhupkar was familiar with plaintiff's modus operandi of working from his home office" (*Id.* at 6);

- "Vinculum approached and retained plaintiff: . . . *because of* plaintiff's location in Jersey City . . ." (*Id.* (emphasis added));

- "Vinculum could claim plaintiff's home office as a Vinculum office. This saved Vinculum rent and the other costs of actually renting physical office space in Jersey City. Vinculum could now claim an office and a presence in the United States to its prospective investors, partners and customers" (*Id.* at 7);

- "By retaining plaintiff, a resident of New Jersey with a home office in Jersey City, the defendant was following a time tested path of success followed by most Information Technology companies . . ." (*Id.*);

- "It was *intended* that plaintiff would perform services for defendant during that one year period from his New Jersey home office." (*Id.* at 7-8 (emphasis added)).

These unsupported facts do not satisfy the Court that Plaintiff has met his burden of proof in establishing personal jurisdiction over Defendants.

      ii.   The Supported Facts Are Insufficient To Meet The Minimum Contacts Requirements For Personal Jurisdiction

The recited facts in Plaintiff's Objections that are supported are nevertheless insufficient to meet Plaintiff's burden of establishing that this Court has personal jurisdiction over the Defendants. Defendants did not appear to purposefully avail themselves of the privilege of conducting activities within New Jersey. *See Burger King*, 471 U.S. at 475. Vinculum is not incorporated in New Jersey and neither Defendant is domiciled in New Jersey. There is no evidence that Defendants have engaged in any other business or personal dealings with the State of New Jersey. There is also no evidence (in the contract or otherwise) that the parties had any expectation or requirement regarding where Plaintiff was to perform work. Furthermore, the activities performed by Plaintiff in New Jersey—negotiating the contract, making phone calls,

drafting emails, accepting payments, etc.—are general activities that could have been performed anywhere.

It is undisputed that Defendants entered into a contract with Plaintiff who resided in New Jersey. But the contract does not make even a single reference to "New Jersey." All of the supported recited facts in Plaintiff's papers are directed at Plaintiff's "unilateral activity." *See id.* As Defendants have phrased it, "personal jurisdiction is not supported by the Plaintiff's unilateral and irrelevant decision to reside in Jersey City." (ECF No. 16 at 6.)

Defendants' Response also addresses Plaintiff's reliance on case law, correctly pointing out that Plaintiff has inappropriately cast himself as analogous to the Florida franchisor rather than the Michigan franchisee in the Supreme Court's *Burger King* case. (*See* ECF No. 16 at 4.) Furthermore, this case is more analogous to the Third Circuit's *Time Share* case, in which the court focused its personal jurisdiction analysis on the ***defendant's*** activities (or lack thereof) in the forum state rather than the plaintiff's. *See Time Share*, 735 F.2d at 65-66.

In this case, Plaintiff has not provided competent evidence of a single activity that Defendants conducted in New Jersey. Thus, as Judge Clark concluded, it cannot be said that Defendants purposely availed themselves of the laws of this state such that they could have reasonably foreseen being haled into court in this state. (ECF No. 14 at 7.)

## V.     **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Clark's R&R and Plaintiff's objections thereto, this Court hereby adopts Magistrate Judge Clark's R&R. This Court thus dismisses Plaintiff's Complaint without prejudice. To the extent the deficiencies set forth by the Court can be cured, Plaintiff will be given thirty (30) days to file an amended complaint. An appropriate Order accompanies this Opinion.

Dated:  December 23, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.